IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DANIEL LEE BEST,

       Plaintiff,

v.                                    Case No. 2:09-cv-00646

DR. SUBHASH GAJENDRAGADKAR,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Plaintiff's Motion for Leave to Supplement Complaint and Join Emil Dameff as Defendant Party to Action (docket sheet document # 52) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (# 53). The undersigned will address each motion in turn.

### Motion to Supplement Complaint

On July 14, 2010, Plaintiff filed a Motion for Leave to Supplement Complaint and Join Emil Dameff as a Defendant herein (# 52). Plaintiff's motion asserts that his claim against Dr. Dameff arises out of the same series of transactions and occurrences as those giving rise to his claims against Dr. Gajendragadkar, and that questions of fact and law common to both defendants will arise in the action. (Id. at 2). Plaintiff filed a proposed Supplemental Complaint with the motion for leave (# 52-1).

The proposed Supplemental Complaint alleges as follows:

1.    On June 9, 2009, the plaintiff commenced this civil
      action by filing his <u>pro</u> <u>se</u> complaint for the
      deprivation of his civil rights (doc. 1).

2.    As recounted in the complaint, the plaintiff had
      been under "the close care of a specialist prior to
      becoming incarcerated" (app. A to doc. 1, at 2).
      That specialist "prescribed a regimen of three
      medications" - Lexiva, Norvir, and Truvada - "which
      act in tandem with one another to treat HIV" (<u>id.</u>)

3.    "The plaintiff had remained on these three
      medications throughout his incarceration. However,
      after he was transferred to Mount Olive, it seemed
      that medical staff were often neglecting to reorder
      one of the medications, causing the plaintiff to go
      without it and rendering the aggregate regimen much
      less effective" (<u>id.</u>)

4.    "The plaintiff would assert that defendant
      [Subhash] Gajendragadkar exhibited deliberate
      indifference to his serious medical needs by
      failing to enable the plaintiff's continuous use of
      all three medications in conjunction with one
      another" (<u>id.</u>)

5.    "When prescribing the regimen[] the plaintiff's
      specialist has impressed upon him the importance of
      taking all of these medications without missing a
      dose. However, because prison medical staff were
      failing to ensure that this was possible, the
      plaintiff filed an administrative grievance
      concerning the problem" (<u>id.</u>)

6.    "A mere matter of days after the grievance was
      submitted, in March of 2009, defendant
      Gajendgradkar ordered all of the plaintiff's
      medications discontinued, clearly in retaliation
      for his having filed a grievance. This, too,
      evidences the defendant's deliberate indifference
      and desire to chill the exercise of his
      constitutional right to lodge complaints to prison
      officials" (<u>id.</u>)

7.    "After submitting another grievance (Grievance No.
      09-MOCC-PA-52) but going without the medications

2

for a period of five days, the plaintiff's specialist was allegedly contacted and defendant Gajendragadkar reordered the medications after confirming their importance. However, allowing the plaintiff to go without the medications for any length of time has inevitably left his immune system weakened and rendered the medications' renewed use less effective" (id.)

8.  A review of the medical records provided to the plaintiff by the defendant appears to indicate that the "HIV and Hep C Antiviral Medication" was discontinued on March 6, 2009, and restarted four days later on March 10, 2009. However, the plaintiff had never been given any such medication to treat his hepatitis. Even though the HIV medication was restarted, irreparable damage had already been done.

9.  On February 22, 2010, Magistrate Judge Stanley filed Proposed Findings and Recommendation (doc. 38) proposing that the presiding District Judge find that plaintiff's complaint does state a "claim that Dr. Subhash was deliberately indifferent to his serious medical needs concerning his HIV treatment, and that Dr. Subhash retaliated against Plaintiff for filing a grievance concerning his failure to receive his necessary HIV medications" (id. at 18-19).

10. On March 29, 2010, Chief Judge Goodwin entered his Memorandum Opinion and Order (doc. 42) adopting the findings and recommendations of the Magistrate Judge and denying the Motion to Dismiss filed by Dr. Subhash Gajendragadkar (doc. 21) concerning the plaintiff's deliberate indifference and retaliation claims relating to his HIV treatment.

11. Since being restarted on or about March 10, 2009, and subsequent to the plaintiff's commencement of the instant action, he continued to receive the medication regimen which had been prescribed by the specialist.

12. Subsequent to the plaintiff's commencement of this action, said defendant ceased employment as the primary care physician for prisoners housed at the West Virginia Division of Corrections' Mount Olive

Correctional Complex ("MOCC").

13. On or about July 1, 2010, the plaintiff was informed by a member of MOCC's medical staff informally, that those medications - which both the specialist and Subhash had found to be medically necessary - would be discontinued in the ensuing days.

14. On July 5, 2010, the plaintiff's Lexiva and Novir were withheld, and he was given the medication Kaletra for the first time. The plaintiff continued to receive Truvada.

15. Upon information and belief, this change in medication was ordered by Emil Anton Dameff, MD.

16. Also upon information and belief, Dr. Dameff is employed by Wexford Health Sources, Inc., and has assumed the position vacated by Dr. Subhash as primary care physician for all individuals incarcerated at Mount Olive Correctional Complex on an interim basis.

17. The plaintiff was not evaluated by Dr. Dameff prior [to] the discontinuation of the medication regimen which had been ordered by a specialist and renewed by [] Dr. Subhash, and no legitimate medical reason existed to tamper with the treatment. In fact, all medical indicators supported a finding that continuation of the medication regimen was warranted.

18. "Patients with underlying hepatitis B or C [with?] marked elevations in transaminase prior to treatment may be at increased risk for developing or worsening of transaminase elevations or hepatic decomposition with the use of KALETRA. There have been postmarketing reports of hepatic dysfunction, including some fatalities. These have generally occurred in patients with advanced HIV-1 disease taking multiple concomitant medications in the setting of underlying chronic hepatitis or cirrhosis." *Physician's Desk Reference* 460 (64th ed. 2010).

19.   In fact, the plaintiff has begun to experience severe pain in the area of his liver since his medications being changed. While the plaintiff has presented the issue via the administrative grievance procedure in place at MOCC, it is certain that meaningful relief will not be granted before additional irreparable damage is done to the plaintiff's health.

20.   As alleged in the initial complaint, removing the plaintiff from these medications additionally, has, is and will inevitably leave his immune system weakened and renders the medications' renewed usefulness less effective, causing the plaintiff additional detrimental bodily harm in violation of his clearly established rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and to receive adequate medical care while imprisoned.

21.   Moreover, as there existed no legitimate medical reason for altering the plaintiff's course of treatment – especially without having evaluated or consulted with the plaintiff prior thereto – Dr. Dameff's actions were obviously motivated by a desire to retaliate against the plaintiff for commencing and prosecuting the instant action, in violation of his clearly established rights under the First, Fifth and Fourteenth Amendment rights under the United States Constitution to be free from retaliation for having sought administrative and judicial redress and to due process of law, respectively. [FN 2 – It is likely that decreasing cost was an ancillary reason for Dr. Dameff's tampering with the plaintiff's prescribed course of treatment, without regard to the effectiveness of the cheaper treatment. This, too, is a wholly improper basis for jeopardizing the plaintiff's life by changing the medications.]

22.   Accordingly, it appears that Dr. Dameff has continued Dr. Subhash's deliberate indifference to the plaintiff's serious medical needs and in [sic] has acted in furtherance of the same's retaliatory scheme.

(# 52-1 at 1-6).

5

Plaintiff cites Rules 15(d) and 20(a)(2) of the Federal Rules of Civil Procedure in support of his motion for leave to supplement his Complaint.  Rule 15(d) states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or other event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order the opposing party to plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  Rule 20(a)(2), which governs permissive joinder of parties, states in pertinent part:

> Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

On July 16, 2010, defendant Gajendragadkar filed a Response to the Motion for Leave to Supplement Complaint (# 61).  The Response asserts that, if Plaintiff has a dispute with another physician concerning matters that have occurred since Dr. Gajendragadkar left MOCC, then Plaintiff should pursue those complaints in an action separate and apart from his claim against Dr. Gajendragadkar.  The undersigned agrees.

Plaintiff's claim against Dr. Gajendragadkar concerns the failure to provide Plaintiff with allegedly necessary medication

for the treatment of his HIV for a short period of time in March of 2009.  Plaintiff was subsequently placed back on all three of his HIV medications and remained on them until well after Dr. Gajendragadkar terminated employment at MOCC.  Plaintiff alleges that Dr. Dameff changed Plaintiff's medications in July of 2010, in retaliation for the filing of Plaintiff's instant Complaint, which was filed over one year before Dr. Dameff's alleged retaliatory conduct.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's proposed claim against Dr. Dameff does not arise out of the same transaction, occurrence or series of transactions or occurrences as those alleged against Dr. Gajendragadkar.  Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that supplementation of the present Complaint to join Dr. Dameff as a defendant herein is not appropriate.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Leave to Supplement Complaint and Join Emil Dameff as Defendant Party to Action (# 52).

Moreover, it does not appear that Plaintiff can successfully state a claim of retaliation under the First Amendment against Dr. Dameff.  "The First Amendment grants the rights to free speech and to seek redress of grievances.  These rights, to a limited extent, exist in a prison setting."  Gullett v. Wilt, 869 F.2d 593 (4th

7

Cir. 1989)(unpublished)(citing <u>Johnson v. Avery</u>, 393 U.S. 483 (1969).  To state an actionable claim of retaliation, "a prisoner 'must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." <u>Smith v. Mosley</u>, 532 F.3d 1270, 1276 (11th Cir. 2008).

By filing grievances and a civil action, Plaintiff engaged in activity protected under the First Amendment. <u>Herron v. Harrison</u>, 203 F.3d 410, 415 (6th Cir. 2000).  Thus, Plaintiff meets the first requirement.  However, Plaintiff has not demonstrated the change that Dr. Dameff made in his medications, over one year after the filing of the instant civil action, was motivated, even in part, by his filing of grievances and litigation against another physician. Thus, from the face of the proposed Supplemental Complaint, it does not appear that Plaintiff can establish the required nexus between Dr. Dameff's conduct and the filing of the original Complaint.

Plaintiff has offered only his subjective opinion and speculation that the medications used in his HIV treatment were changed in response to his filing of a lawsuit against another physician more than a year before the change in medication was made.  Plaintiff has not demonstrated that his claim is anything

8

more than a disagreement between Plaintiff and Dr. Dameff concerning the best course of treatment, which is not actionable under section 1983. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

As noted by the United States Court of Appeals for the Fourth Circuit in Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994):

> [C]laims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution. That is, plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. A claim of retaliation that fails to implicate any constitutional right "lacks even an arguable basis in law," *[Neitzke v. Williams*, 490 U.S. 319,] 328, 109 S. Ct. [1827], 1833 [(1989)], and is properly subject to dismissal under § 1915(d) [sic; 1915(e)(2)].

Plaintiff has not sufficiently alleged that the change in his medications violated his constitutional rights, or that the change was made in response to the exercise of his right to access the courts. Therefore, the undersigned proposes that the presiding District Judge **FIND** that it is likely that Plaintiff's claim against Dr. Dameff, even if alleged in a separate complaint, is legally frivolous or fails to state a claim upon which relief can be granted, and would be subject to dismissal under 28 U.S.C. § 1915(e)(2).

9

<u>Motion for TRO and Preliminary Injunction</u>

On July 14, 2010, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction, in which he requests that Dr. Emil Dameff, who is not a defendant herein, be prohibited from "continuing to and further tampering with the course of treatment ordered by a specialist in the relevant field of medicine, and which the plaintiff was receiving at the time the action was instituted." (# 53 at 1). Plaintiff's motion incorporates by reference paragraphs 1 through 20 of his proposed Supplemental Complaint. (<u>Id.</u> at 2).

In light of the recommendations to deny Plaintiff's Motion for Leave to File Supplemental Complaint, and to deny joinder of Dr. Emil Dameff as a defendant herein, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is now moot. Accordingly, the it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (# 53) as moot.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date

of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge  for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Synder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

_____December 21, 2010_____
            Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge