**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DANIEL LEE BEST,

Plaintiff,

v. CIVIL ACTION NO. 2:09-cv-00646

DR. SUBHASH GAJENDRAGADKAR,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion for Summary Judgment [Docket 58]. The Motion for Summary Judgment was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted proposed findings of fact and has recommended that the court deny the defendant's Motion for Summary Judgment [Docket 84].

Thereafter, the defendant filed timely Specific Objections to the Proposed Findings and Recommendation [Docket 85]. When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court has reviewed *de novo* those portions of the Proposed Findings and Recommendation to which the defendant has filed specific objections. For the reasons set forth below, I **FIND** that the defendant's objections lack

merit. Accordingly, I **ADOPT** and incorporate herein the Magistrate Judge's Proposed Findings and Recommendation and **DENY** the defendant's Motion for Summary Judgment.

## I. Background

### A. Facts

After *de novo* review of those portions of the Magistrate Judge's Proposed Findings of Fact and Recommendations (the "report") to which objections were filed, the court **ADOPTS** the statement of relevant facts and procedural history set forth in the report. The detailed account provided by the Magistrate Judge therein requires only a brief summary here.

On January 29, 2009, the plaintiff, Daniel Lee Best, was transferred to the Mount Olive Correctional Complex ("MOCC"). Physicians' Orders dated January 29, 2009, indicate that the plaintiff was prescribed Truvada, Lexiva, and Norvir for the treatment of HIV. The defendant, Dr. Gajendragadkar, a doctor at MOCC, continued to prescribe these three HIV medications until February 28, 2010. The plaintiff asserts, however, that he did not receive all three HIV medications on a regular basis despite the prescription.

The relevant period of the plaintiff's treatment took place between March 4, 2009 and March 10, 2009, and is evidenced by three entries in the Physicians' Orders. The first Order, dated March 4, 2009, renewed the plaintiff's three HIV medications for 210 days. The Second Order, dated March 6, 2009, discontinued the plaintiff's HIV medications. The Third Order, dated March 10, 2009, renewed the plaintiff's HIV medications for 210 days.

During the period of time between March 4 and March 10, 2009, the plaintiff filed at least one grievance against the MOCC staff, complaining that the staff deprived the plaintiff of at least one of his HIV medications on a regular basis. The plaintiff asserts that he filed his first grievance

on March 5, 2009, thus prompting the defendant to retaliate against him by discontinuing his HIV medications. The defendant contends that he never saw a March 5, 2009 grievance and that he discontinued the plaintiff's HIV medications because the plaintiff had a negative viral load for over one year. The alleged March 5, 2009 grievance has not been produced in this case, however the plaintiff filed a grievance on March 7, 2009 which references an earlier grievance. The plaintiff's medications were renewed after the plaintiff filed the March 7, 2009 grievance.

**B. Procedural History**

On June 9, 2009, the plaintiff filed a *pro se* Complaint naming Dr. Gajendragadkar, several MOCC employees, and two healthcare providers as defendants. The Complaint asserts that the defendants, acting under color of state law, acted to deprive the plaintiff of his constitutional rights and seeks relief under 42 U.S.C. § 1983.

Each of the defendants moved to dismiss the plaintiff's claims, and the court ultimately dismissed all of the defendants except Dr. Gajendragadkar. Left remaining are the plaintiff's claims that Dr. Gajendragadkar deprived the plaintiff of his First and Eighth Amendment rights. The plaintiff's First Amendment § 1983 claim asserts that the defendant discontinued the plaintiff's HIV medications to retaliate against the plaintiff for filing a grievance about the defendant. The plaintiff's Eighth Amendment § 1983 claim asserts that the defendant, by discontinuing the plaintiff's HIV medication, was deliberately indifferent to the plaintiff's serious medical needs, in violation of the Eighth Amendment.

On July 15, 2010, the defendant moved for summary judgment, and the parties subsequently participated in discovery under the supervision of the Magistrate Judge. After resolution of several discovery and other disputes, the plaintiff responded to the instant Motion and, on March 3, 2011,

the Magistrate Judge issued Proposed Findings of Fact and Recommendation recommending that the court deny the defendant's Motion for Summary Judgment.

## II. Legal Standard

### A. Standard of Review of Proposed Findings of Fact and Recommendations

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the report *de novo*, this court will consider the fact that the plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### B. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

The Fourth Circuit has stated that where the party opposing summary judgment would carry the burden of proof at trial, that nonmoving party is entitled to:

> have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, all internal conflicts in it resolved favorably to him, the most favorable of possible alternative inferences from it drawn in his behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered.

*Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991)(internal quotation marks omitted). In addition, "[w]here states of mind are decisive as elements of a claim or defense, summary judgment ordinarily will not lie." *Id.*

## III. Analysis

Before considering the defendant's specific objections, I will first address the defendant's assertion that the Magistrate Judge "shifts the burden to the defendant to prove a negative when the plaintiff has failed to bring forth evidence" in support of his claims. The defendant is correct that the plaintiff carries the burden of establishing the elements of his claims beyond a preponderance of the evidence at trial. These arguments are inapplicable, however, in a summary judgment analysis where the *moving party* carries the burden of showing that there are no existing issues of material fact. *See* Fed. R. Civ. P. 56(a)-(c); *see also Overstreet*, 950 F.2d at 937 ("A party seeking summary judgment has the initial burden of showing the information that it believes demonstrates absence of a genuine issue of material fact."). Thus the relevant inquiry is whether the defendant has carried his burden, not whether the plaintiff has established the elements of his claims beyond a preponderance of the evidence.

### A. First Amendment Retaliation

The Magistrate Judge recommends denying the defendant's Motion for Summary Judgment on the plaintiff's First Amendment retaliation claim. The report suggests that a reasonable juror could find that the defendant's decision to discontinue the plaintiff's HIV medications immediately after the plaintiff allegedly filed a grievance against the defendant violated the plaintiff's First Amendment rights. Based on the genuine issues of material fact regarding the filing of the March 5, 2009 grievance, the defendant's knowledge of the grievance, and the harm that could have resulted to the plaintiff from discontinuing his HIV medications, the Magistrate Judge recommends that the court find that the defendant is not entitled to summary judgment on the plaintiff's First Amendment retaliation claim.

To prove a First Amendment retaliation claim, a plaintiff must establish three elements:

> First, the plaintiff must demonstrate that his or her speech was protected. Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech. Third, the plaintiff must demonstrate that a causal relationship exists between its speech and the defendant's retaliatory action.

*Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685-86 (4th Cir. 2000). "Although the Fourth Circuit has not yet published an opinion on this point, other Circuits agree that prison officials may not retaliate against a prisoner for exercising his First Amendment rights." *Fisher v. Neale*, 2010 WL 3603495, at *8 (E.D. Va. Sept. 8, 2010).

The defendant first objects to the Magistrate Judge's report focuses on the second element of the plaintiff's First Amendment claim. The defendant contends that, because the plaintiff has failed to establish that he was actually harmed by the temporary cessation of his HIV medications, the defendant's allegedly "retaliatory" actions did not adversely affect the plaintiff. The defendant cites to articles and reference materials, essentially arguing that the defendant was not "retaliating" because he did not know that discontinuing the plaintiff's HIV medications would pose a risk of harm to the plaintiff. The defendant also raises objections regarding the third element of the plaintiff's First Amendment claim, the causal connection between the plaintiff's alleged speech and the defendant's actions. The defendant contends that the plaintiff has not only failed to produce or otherwise prove the existence of the March 5, 2009 grievance, but the plaintiff has also failed to establish that the defendant received the grievance. Thus, by the defendant's reasoning, there is no causal relationship between the plaintiff's alleged speech (the March 5, 2009 grievance) and the defendant's actions because the plaintiff has not established that the defendant saw the grievance before discontinuing the plaintiff's HIV treatment.

Having reviewed the Magistrate Judge's findings regarding the plaintiff's First Amendment retaliation claim *de novo*, I **FIND** that the defendant's objections are without merit and there are genuine issues of material fact regarding this claim. While the articles cited by the defendant may ultimately help the defendant establish that his decision was the exercise of sound medical judgment, they fall far short of establishing that this course of action posed no medical risks to the plaintiff. Considering the genuine dispute regarding risks to the plaintiff's health, the defendant cannot establish that his actions did not adversely effect the plaintiff, and summary judgment is not appropriate with respect to the second element of the plaintiff's First Amendment claim. In addition, there are genuine disputes in the record with respect to the existence, and the defendant's knowledge of, the March 5, 2009 grievance and these issues go directly to the third element of the plaintiff's claim.[1] Accordingly, I **ADOPT** the Magistrate Judge's Proposed Findings and Recommendations with respect to this claim and **DENY** the defendant's Motion for Summary Judgment.

**B. Eighth Amendment Deliberate Indifference**

The Magistrate Judge recommends denying the defendant's Motion for Summary Judgment with respect to the plaintiff's Eighth Amendment deliberate indifference claim because there are genuine issues of material fact regarding the claim. Specifically, the Magistrate Judge's report recommends that this court find that a reasonable juror could find that the defendant knew of and disregarded a risk of actual and substantial harm to the plaintiff in deciding to discontinue the plaintiff's HIV medications.

---

[1] Because I base my findings on the inadequacy of the defendant's showing and not on the articles supplied by the plaintiff, the defendant's hearsay objections to these articles are not relevant to my ruling today.

"An inmate's Eighth Amendment claim involves a subjective component and an objective component." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). "An injury is sufficiently serious for purposes of the objective component of an Eighth Amendment excessive force claim as long as it rises above the level of *de minimus* harm." *Id.* As to the subjective component, a plaintiff must establish that "the prison official acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted). The Fourth Circuit has held that deliberate indifference may arise "in the form of delay or interference with treatment once prescribed." *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (citing *Estelle*, 429 U.S. at 104-5).

The defendant's objections to the Magistrate Judge's report regarding the plaintiff's Eighth Amendment claim focus on the subjective element of the plaintiff's claim. Specifically, the defendant asserts that there are no genuine issues of material fact with respect to his knowledge of the risk of harm to the plaintiff from the cessation of his HIV medication. As discussed above, the defendant has not established that there are no genuine issues of material fact as to his knowledge of risk to the plaintiff or regarding his state of mind. Again, where, as here, "states of mind are decisive as elements of a claim or defense, summary judgment ordinarily will not lie." *Overstreet*, 950 F.2d at 937. Accordingly, I **ADOPT** the Magistrate Judge's Proposed Findings and Recommendations with respect to the plaintiff's Eighth Amendment claim and **DENY** the defendant's Motion for Summary Judgment.

## IV. Conclusions

For the reasons discussed above, I **ADOPT** the Magistrate Judge's Proposed Findings and Recommendations and **DENY** the defendant's Motion for Summary Judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 29, 2011

Joseph R. Goodwin, Chief Judge